# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DESMOND LASTER,

    Petitioner,

v.                                                  Case No. 14-C-365

WILLIAM POLLARD,

    Respondent.

## ORDER GRANTING MOTION FOR STAY

       On March 31, 2014, Desmond Laster filed this petition for federal habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On March 24, 2011, Laster was convicted in Milwaukee County Circuit Court on four counts of first-degree intentional homicide while armed, arson, and felon in possession of a firearm, and he was sentenced to four consecutive life sentences. His conviction was affirmed by the Wisconsin Court of Appeals on April 2, 2013, and the Wisconsin Supreme Court denied his petition for review on August 1, 2013. Laster is currently incarcerated at Waupun Correctional Institution.

       I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see

whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Laster's petition asserts three grounds for relief. He claims that his due process rights were violated when: (1) evidence that his alibi witness hit a child and instructed Laster's child to hit other children (thereby diminishing her credibility) was allowed, (2) the court denied his motion for mistrial following the admission of evidence suggesting that defense counsel coached an alibi witness to lie, and (3) evidence was presented that he called his mother certain derogatory names. Laster has also filed a motion to stay his petition, however, because he wishes to add a claim as to which he has not yet exhausted his state court remedies. In particular, he claims that the state interfered with his effort to present testimony by two alibi witnesses by threatening them with prosecution for perjury if they testified on his behalf. Laster contends that the actions of the district attorney violated his right to due process and his attorneys' provided ineffective assistance of counsel in violation of his Sixth Amendment right to counsel by failing to object and raise the issue on appeal.

A district court may not adjudicate a habeas petition that contains both claims that have been exhausted and claims that have not been exhausted. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Rather than dismiss a petition containing both exhausted and unexhausted claims, "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state court remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Rhines v. Weber*, 544 U.S. 269, 275–276 (2005). A stay should not be granted automatically, however:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Id.* at 277. A stay should not be granted when there is not good cause for the petitioner's failure to exhaust his claims first in state court or when the unexhausted claims are plainly meritless.

Here, Laster contends that ineffective assistance of counsel constitutes good cause for his failure to exhaust earlier and that his claim that the prosecutor violated his due process rights is not plainly without merit. On the record before me, I cannot say that either exception to the rule in favor of granting a stay applies. Accordingly, the motion to stay will be granted. But to avoid unreasonable delay, the court will impose strict time limits to insure Laster immediately pursues his state court remedies and promptly returns to this court as soon as they are exhausted, as *Rhines* suggests. *Id.* at 278.

Accordingly, Laster is granted a stay of his petition conditioned upon his filing his motion for post-conviction relief on his unexhausted claim within 30 days of this order. Notice of his filing his motion in state court must be filed with this court. Laster is also ordered to advise the court of the status of his state court proceeding n writing within 180 days of this order, or thirty 30 days of when it is finally decided, whichever is earlier. Failure to comply will result in dismissal of the petition for failure to prosecute.

**SO ORDERED** at Green Bay, Wisconsin, this   7th   day of April, 2014.

                                          s/ William C. Griesbach
                                          William C. Griesbach, Chief Judge
                                          United States District Court